# Douglass, Exr. *v.* City Council of Montgomery.

## *Bill to Declare Void Ordinances of City and for Injunction.*

1. *Supreme court; its decisions final in cases it has reviewed on appeal.* While the supreme court may overrule its own decisions, the rule is well settled that courts whose judgments and decrees are subject to review on appeal are in the particular case bound by the decision of the appellate court. The rule is a necessary one and without its observance a ro ation of decrees, appeals and reversals might continue endlessly without forwarding the suit.

APPEAL from Montgomery Chancery Court.

Heard before the Hon. W. L. PARKS.

Bill in equity by James Douglass against the city council of Montgomery and others to have declared void certain ordinances of the city authorizing the use of a park in said city by the defendant railroad companies, and for injunction. James Douglass having died pending the suit, it was revived in the name of his executors and devisees. The opinion states the case on the point decided.

FRED S. BALL, for appellant.

A. A. WILEY, *contra.*

SHARPE, J.—This case was here on a former appeal from a decree which upon motions made by the defendants, had dissolved the injunction and dismissed the bill. The decree was reversed, this court holding for reasons definitely stated in the opinion rendered, that the bill was not without equity and that the injunction should have been retained.—*Douglass v. City Council of Montgomery,* 118 Ala. 599.

After its remandment, the original complainant having died, the cause was revived in the name of his executors and devisees who filed an amendment to the bill showing the right in which they appeared in the suit and charging the defendants with encroaching upon the park in controversy after the bill was filed.

The answers made to the bill as so amended, contain no denial of the main facts alleged as grounds for equitable relief, but like the answers made before the amendment, they seek to defeat the bill bcause of matters extraneous to it and which for that reason are not proper to be considered upon the motion to dissolve the injunction in advance of the final hearing. The several motions and the exceptions to pleadings which were submitted but not decreed on in the chancery court cannot be considered on this appeal.

All questions raised by demurrers to the amended bill, as well as those involved in the motion last made to dissolve the injunction are substantially the same as those already decided by this court in this cause. We find no reason to depart from that decision and upon its authority the decree appealed from will be reversed and the cause remanded for further proceedings in accordance with the opinion rendered upon the former appeal.

The chancellor's opinion appears in the transcript, and there referring to the amendment made to the bill after the cause was remanded, he states, "I do not think however that the amendment varies the question of the equity of the bill." That part of his opinion is correct, but nevertheless he holds the bill is without equity and

[Southern Railway Co. v. St. Clair.]

accordingly it was upon the same ground dismissed a second time. While this court may overrule its own decisions, the rule is well settled that courts whose judgments and decrees are subject to review on appeal, are in the particular case, bound by the decision of the appellate court. The rule is a necessary one and without its observance a rotation of decrees, appeals and reversals might continue endlessly without forwarding the suit.