# Southern Ry. Co. *v.* Morgan.

*Damage for Injury to Passenger.*

(Decided June 15, 1912. Rehearing denied June 29, 1912. 59 South. 432.)

1. *New Trial; Review; Question of Fact.*—Where the evidence was conflicting as to whether a passenger voluntarily stepped off of a car while it was in motion, or was thrown off by a sudden jerk, and two juries had determined the question of fact in favor of plaintiff, this court will not disturb the refusal of the trial court to grant defendant a new trial.

2. *Charge of Court; Covered by Those Given.*—It was not error to refuse instructions substantially covered by written charges given.

3. *Carrier; Injury to Passenger; Instructions.*—Where it appeared that the passenger had gone to the platform or steps of the car for the purpose of alighting, and either stepped off or was thrown off while the car was in motion, a charge asserting that if the passenger's destination was a flag stop, if the trainmen stopped the train there a sufficient length of time for the passengers to get on and off, and if plaintiff failed to avail himself of the opportunity to alight, but thereafter when the trainmen were not aware of his presence, and after they had given the signal to start, and went on the platform or step and stepped "thereupon" the jury should find for defendant, predicated contributory negligence on a condition which did not show such negligence, and was properly denied.

[Southern Ry. Co. v. Morgan.]

4. *Same.*—A charge asserting that plaintiff attempted to get off the train while in motion, after being warned not to do so, the jury should find for defendant, did not require a finding that the passenger's act in this regard was a proximately contributing cause of the injury, and was hence, properly refused.

5. *Same.*—Charges asserting that it is negligence as a matter of law to alight from a moving train at right angles to the direction in which it was moving, that if plaintiff stepped off the car while in motion, without any other necessity therefor than his desire to alight at that point, causing injuries which could have been avoided by remaining on the car, he was guilty of negligence defeating recovery; that if he voluntarily stepped off the car while in motion he assumed the risk of alighting safely, and could not recover, and that it was negligence as a matter of law for an old man not accustomed to getting on and off moving trains, to alight from a moving train at right angles to the direction in which it was moving, were properly denied because not hypothesizing such a state of facts and circumstances as would authorize the legal conclusion that plaintiff was guilty of contributory negligence in leaving the platform or steps of the car.

6. *Same; Conformity to Evidence.*—Where there was evidence tending to show that a passenger went on the platform or steps for the purpose of alighting, and was thrown off by a sudden jerk or jar, a charge asserting that as a matter of common knowledge jerks and jars ordinarily attend the running of trains, that one who becomes a passenger does so with this knowledge, and assumes the risks of ordinary jerks and jars, and cannot recover for injuries therefrom, was properly refused as inapplicable to the evidence; a passenger not assuming the risk of injury from jerks or jars negligently permitted or occasioned while he is preparing to alight or is in the act of alighting.

7. Where the passenger's evidence tended to show that he had gone on the steps of the car for the purpose of alighting, and was thrown off by a sudden starting of the train, a charge asserting that if plaintiff was standing on the steps of the car while in motion, when there was room for him on the platform or in the car, and he was thrown from the steps by the negligence of those in charge of the train, when he would not have been so thrown if he had been standing on the platform or in the car, was inapplicable under the evidence, and did not entitle defendant to a verdict.

8. *Same.*—Where there was evidence that would have justified the jury in finding that the train was suddenly started while plaintiff was preparing to alight, and that in attempting to recover his equilibrium, he involuntarily stepped from the car, a charge that, if under the conditions specified the plaintiff stepped from the train while it was moving so rapidly as to cause him to fall, he could not recover, did not require the finding that he voluntarily stepped from the train and was hence, properly refused.

(Simpson, Mayfield and Sayre, JJ., dissent in part.)

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by W. C. Morgan against the Southern Railway Company for damages sustained while a passenger. Judgment for plaintiff, and defendant appeals. Affirmed.

For the facts in this case, see former appeal, 54 South. 626, together with the statement made in the opinion. The following charges were refused the defendant:

(A) "As a matter of law, it is negligence to alight from a moving train at right angles to the direction in which the train is moving."

(B) "If the jury believe from the evidence that the plaintiff, Morgan, stepped off the car after it began to move, or while it was moving, without any other necessity therefor than his desire to alight at that point, and his injury was caused by his so stepping off the car, which could have been avoided by his remaining on the car, then he is guilty of negligence which would defeat a recovery in this case."

(D) "If the jury believe from the evidence that the plaintiff, Morgan, voluntarily stepped off the car while it was in motion, he therefore assumed all risk of alighting safely, and he cannot recover."

(E) "I charge you that, as a matter of common knowledge, jerks and jars ordinarily attend the handling and running of trains; and one who becomes a passenger on a train does so with this knowledge, and assumes the risk of the ordinary jars and jerks of the train. And if, in this case, the injury to Mr. Morgan was the result of such jerk or jar, then he cannot recover."

(F) "If the jury believe from the evidence that the plaintiff was standing on the steps of the car while it was in motion, when there was room for him to stand on the platform or within the door of the car, and that he was thrown from the steps to the ground by the

mere neglect of the trainmen, and that he would not have been thrown to the ground by such neglect of the trainmen, if he had been standing on the platform or within the car, then they must find their verdict for the defendant."

(G) "If the jury believe from the evidence that the plaintiff had not been to Limrock in 10 years or more, that he had entered the sixty-sixth year, that he had recently been ill and was weak, that he carried his suit case in his right hand, that it was dark, that he had just come out of a lighted car, that under these conditions he stepped from the train, which was moving so rapidly as to cause him to fall heavily to the ground, then he cannot recover in this case."

(H) "As a matter of law, it is negligence to alight from a moving train at right angles to the direction in which the train is moving, where the party attempting to alight is an old man, not accustomed to getting on or off of moving trains."

(12) "I charge you that if you believe from the evidence that while the train was being brought to a stop, and after being warned not to do so, Mr. Morgan attempted to get off the train while it was in motion, then you must find for the defendant."

(17) "I charge you, gentlemen of the jury, that if you believe from the evidence that in leaving the car at Limrock Mr. Morgan incurred a danger that would have appeared obvious to the mind of a reasonably prudent man of his age, under like circumstances, you should find for the defendant."

(21) "If you believe from the evidence that Limrock, the destination of plaintiff, was a flag stop for this train, and the trainmen stopped the train there a reasonably sufficient length of time for all passengers to get on and off while the train was standing still, that plaintiff

[Southern Ry. Co. v. Morgan.]

failed to avail himself of this opportunity, and thereafter, when the trainmen were not aware of his presence and peril, and after the trainmen had given the signal for the train to move forward, he went upon the platform and steps of the car and stepped thereupon, then you must find for the defendant."

LAWRENCE E. BROWN, for appellant. The defendant was entitled to the general charge under the evidence. —*C. R. R. & B. Co. v. Letcher*, 69 Ala. 109. The court erred in refusing the written charges requested by defendant.—*Dilburn v. L. & N.*, 47 South. 210; *Morrow v. A. C. L.*, 134 N. C. 32. The court should have granted defendant's motion for a new trial.—*Pa. R. R. Co. v. Aspell*, 62 Am. Dec. 323; *S. & N. A. R. R. Co. v. Schaufler*, 75 Ala. 141; *E. T. V. & G. v. Holmes*, 97 Ala. 333; *So. Ry. v. Hill*, 39 South. 987; *Hunter v. L. & N.*, 150 Ala. 594; *Street v. Bir. L. & R. Co.*, 143 Ala. 667; *L. & N. v. Lee*, 97 Ala. 325; *McDonald v. Mont. St. Ry.*, 110 Ala. 163; see the following authorities.—61 Md. 62; 120 Ga. 225; 12 N. W. 1054; *C. of Ga. v. Carlisle*, 56 South. 737.

VIRGIL BOULDIN, for appellee. Several of the refused charges were duplicates of the charges given, and were hence refused without error. In considering the other charges on contributory negligence, some tendencies of the evidence must be kept steadily in mind, in view of the well known rules that one caught suddenly in a position of peril to himself or his loved ones, and in a moment of fright acts without that prudence which characterizes a prudent mind under other circumstances.— *Thornton's Case*, 117 Ala. 282; *Foshee's Case*, 125 Ala. 315; *Fox's Case*, 56 South. 1019. Charge 12 is opposed to the clear announcement in *Matthews' Case*, 142 Ala.

309. The other charges ignore the question of being in a position of apparent sudden peril, creating alarm, and leading to acts on the mere instinct of self preservation.—*Watkins' Case*, 120 Ala. 147; *Dilburn's Case*, 156 Ala. 228; *Matthews' Case, supra.*

McCLELLAN, J.—Action by a passenger (appellee) against the carrier for personal injuries.

Since there is an extended statement of the circumstances attending the event, from the viewpoint of both the litigants, on the former appeal of this case, there is no necessity to reiterate.—*Southern Railway Co. v. Morgan*, 171 Ala. 294, 54 South. 626. We ruled on that appeal that there was error in not awarding a new trial upon the issue of contributory negligence of the plaintiff. We held, in substance, that the evidence *strongly* preponderated in favor of the view that the plaintiff contributed to his own injury by voluntarily, purposely stepping from the steps leading to the coach platform, thereby accepting as entirely negatived the plaintiff's theory that he was involuntarily dislodged from the steps or platform of the car by a jerk or jar of the car or train from which he was preparing to alight when it was put in motion. A very influential factor in this conclusion was the finding by this court that plaintiff's departure from the steps or platform of the car was removed "one or two car lengths" from the point at which that part of the train lay when started forward, or from the point at which his daughter (Mrs. Lemly) left the steps of the car, and was caught, or attempted to be caught, by the flagman. It was the prevailing idea that a jerk or jar of the car, when, if at all, it occurred, could not, on any basis of reason, have wrought plaintiff's involuntary dislodgement, and his consequent fall to the ground; that the normal relation

of cause to effect wholly refuted the notion that the jerk or jar could have taken place, and its effect, under the circumstances, have accomplished so *delayed* a removal of plaintiff from the platform or steps of the car. The highest speed which the train could have, under the evidence, attained before the trainmen stopped it upon the occasion was not thought sufficient to account for the delay between the asserted cause and the effect—the jerk or jar and his departure from the steps or platform of the car.

On the retrial from which this appeal comes, the relation of the jerk or jar, asserted by. the plaintiff to have taken place and occasioned his removal from the steps or platform, was a matter of more particular inquiry and the subject of more definite and, it may be, different evidence. The evidence upon the issue whether plaintiff voluntarily stepped or jumped off or from the car remained, as before, in conflict. The conclusion on the issue was based on the determination of the question whether he was involuntarily dislodged by the jerk or jar, or whether he voluntarily stepped or jumped off. The whole evidence on the last trial has been carefully considered.

Under the accepted rule of *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, we cannot say that the trial court erred in overruling the motion for a new trial. The conclusion must have depended upon the credence given the testimony delivered by the witnesses on either side of the line. The trial court heard and saw the witnesses; was advantaged in the premises as we cannot be. The delay between the jar or jerk, on which plaintiff relies for negligent cause of his removal from the car steps or platform, and his departure therefrom is reduced, if the testimony with respect to place and distance, as plaintiff presented it, was accepted. What

time and space may have intervened may have been reasonably attributed by the jury to plaintiff's jostling, tottering struggle to prevent his falling. He was old and feeble. He had baggage in one hand. He may have been, doubtless was, excited. His efforts to preserve himself may have been frantic, rather than suggested, or governed even, by what might have been obvious and easy to a cool-headed and younger man. To those witnesses who testify that he jumped or stepped off, no improper motive or purpose should be ascribed. It was, at least, a hazy situation. If lights were there, they were not brilliant; did not disclose with the clearness of day. The jury might have found that the view those witnesses relate was the misake of concluding that an unbalanced, tottering man, on the steps or platform of a moving car, was voluntarily doing what, in fact, was the effect of his effort to regain an equilibrium a jar or jerk had lost to him. One, like plaintiff, so circumstanced might seem to others to have voluntarily cast aside all precaution, when, in truth, safety was the one natural, unpremeditated effort. That one such should appear, to some of the witnesses, to have *jumped* from the *platform* of a moving car is a circumstance tending, perhaps, to refute the idea that he in fact voluntarily, purposely projected his body therefrom. The fact that those inside the cars did not feel or notice a jerk or jar of the cars may be absolutely true; and yet the difference in location and posture may account for the apparent conflict of testimony. It is commonly known that the effect of even normal movements of trains upon persons thereon depends upon whether they are standing or sitting; and it may well be that those sitting inside a moving, or initially moved, car would not note a jerk or jar thereof that would attract the attention of and unsettle one standing on the platform or

steps thereof. There are, in the testimony of practically every witness, circumstances or facts opposed to those asserted by another witness, or by other witnesses.

The whole issue was, as stated, one of fact. Another jury has passed upon the evidence. The trial judge, who heard the entire evidence on this trial, and so in the light of the expressed views of this court, and on the other trial as well, declined to disturb the verdict. We are not convinced that he erred in overruling the motion for a new trial.

There is no merit in the insistence in brief for appellant that reversible error affected the refusal to appellant of special charges A, B, C, D, E, F, G, H, 12, 17, and 21. Charge 17 used the word "thereupon" in the place, probably, of the word "therefrom." As written, the court was well authorized to refuse it, since it predicated contributory negligence upon a condition impossible in this case to be so affirmed.

Charge 12 omitted to show in its hypothesis the essential factor that the attempt of plaintiff to get off of the train while it was in motion, and after being warned not to do so, and while it was being brought to a stop, was a proximately contributing cause of his injury. While concurring in this view, the writer is of the opinion that the charge possesses other faults.

Charges A, B, D, and H were faulty in failing to hypothesize such a state of facts and circumstances as would authorize the *legal* conclusion that the plaintiff was contributorily negligent in leaving the platform or steps of the car.—*K. C. M. & B. R. Co. v. Matthews,* 142 Ala. 298, 309, 310, 39 South. 207; *Dilburn v. L. & N. R. Co.,* 156 Ala. 228, 47 South. 210; *B. R. L. & P. Co. v. Harden,* 156 Ala. 244, 47 South. 327; *Hunter v. L. & N.*

*R. Co.,* 150 Ala. 594, 43 South. 802, 9 L. R. A. (N. S.) 848.

Charge E was inapplicable here; for the passenger on a railway does *not* assume the risk of injury from a *negligently* permitted or occasioned start, or jerk or jar, of the car or train, when he is preparing to alight, or is in the act of alighting, at his destination.

Charge F was likewise inapplicable, for that the carrier cannot have exoneration from liability for injury to a passenger if the passenger is injured by a *negligent* starting of the car, then stationary, when the passenger is upon the steps thereof in the proper act of alighting therefrom at his destination.

Charge G hypothesizes, among other things, that plaintiff *stepped* from the train when it was in relatively rapid motion. It should have hypothesized, in this case, that plaintiff *voluntarily* stepped therefrom, since, if, in consequence of negligently caused motion of the train as he was in the course of alighting at his destination, he stepped *involuntarily* therefrom, the doctrine the charge evidently intended to invoke could have no application.

In Charge D, requested by and refused to defendant, note was taken of the idea to be conveyed, in the premises, by the employment of the qualifying term "voluntary."

Under the evidence, it was not legally possible to give the affirmative charge on either of the controlling issues in the case.

The judgment is affirmed.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur in the opinion. SIMPSON, MAYFIELD, and SAYRE, JJ., concur, except in the ruling upon the motion for new trial. They therefore dissent on the general result.