# Central of Georgia Ry. Co. v. Mathis.

### Injury to Passenger.

(Decided April 20, 1916.   71 South. 674.)

1. **Carriers; Passenger; Complaint.**—Counts of the complaint averring the relationship of passenger and carrier between plaintiff and defendant, and charging that after plaintiff reached her destination, the train of defendant on which she was being carried did not stop a reasonable length of time for her to alight, and that while she was near one of the steps of the coach, one of the servants of defendant recklessly, wantonly and intentionally injured plaintiff by taking hold of her and pulling her off the train, while it was in motion, charged wanton negligence, and was not objectionable as charging both wantonness and simple negligence.

2. **Same; Replication; Demurrer.**—Where defendant set up contributory negligence in that the train stopped a sufficient length of time at said station to allow passengers to alight or embark, the plaintiff failed to get off the train at her destination, although she knew it had been reached, but after the train was put in motion she ran out of the train and jumped from the step, falling and receiving injuries; and another plea averring the same facts, and that though warned, plaintiff jumped from said train, a special replication to both pleas alleging that plaintiff's acts were done as a result of the invitation, direction or request of the servant of defendant, was not demurrable, or if demurrable, the sustaining of the demurrer thereto was not reversible error, the replication being good as to the first plea, and merely denying the special averments of the second plea, which denial the plaintiff had the benefit of under the general replication.

3. **Appeal and Error; Harmless Error; Evidence.**—Where it appears that the witness subsequently answered the question, and that the answer was received without objection, any error in refusing to allow such a question to the witness was rendered harmless.

[Central of Georgia Ry. Co. v. Mathis.]

4. **Same.**—A carrier cannot complain of the receipt of testimony that the suing passenger did not know, at the time of the injury, what she was talking about, as such testimony tended to support the contention of the carrier that such passenger was drunk.

5. **Carriers; Passengers; Alighting; Negligence.**—Where plaintiff contended that when she alighted from the moving train she did so at the request and with the assistance of the porter on the train, the court could not, as a matter of law, declare such act contributory negligence, since whether one is guilty of negligence in voluntarily alighting from a moving train depends on the circumstances surrounding the parties at the time, the speed of the train, etc.

6. **Same.**—Where the passenger claimed that she was not notified that the train had reached her destination, and hence, had to alight while it was in motion, a charge asserting that a railroad company is not required to stop beyond a reasonable length of time to allow passengers to alight was inapplicable as omitting the question whether plaintiff knew that the train had reached her destination.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Ella Mathis against the Central of Georgia Railway Company, for damages suffered while a passenger. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Count A alleges the relationship of passenger and carrier between plaintiff and defendant, and that while such passenger the defendant then and there so negligently conducted itself in its said business that by reason of said negligence, plaintiff received certain injuries, which are set out. Count B alleges the negligence and carelessness of defendant's agents, servants, or employees in charge of the train on which plaintiff was a passenger, and, as a proximate result, injuries to plaintiff. Count C, after alleging the relationship of passenger and carrier between plaintiff and defendant, sets up that: After plaintiff had reached her destination, defendant's train on which she was being carried did not stop a reasonably sufficient length of time for her to alight from said train, and that while she was on the platform on or near the steps of the coach on which she was being carried, one of defendant's servants, agents, or employees on said train, to-wit, the porter, recklessly, wantonly, or intentionally injured plaintiff by taking hold of her and pulling her off of said train while same was in motion, and thus bruised and injured plaintiff. [Here follows catalogue of injuries.]

Count D alleges that plaintiff was injured internally and externally, and bruised, etc., as a direct result of the reckless and

wanton or intentional injury inflicted on plaintiff by defendant's porter, who was, at the time, one of defendant's servants, agents, or employees in charge of defendant's train.   Special pleas to counts A and B are as follows:   Contributory negligence, in that said train on which plaintiff was a passenger made the usual and customary stop at said station of sufficient duration to allow passengers destined for that station to alight from said train in safety, and to allow all passengers to get aboard said train at said station who desired to do so; that plaintiff failed to get out of said train at Malvern, her destination, when the same stopped at said station, and while the same was standing for that purpose, although she knew that said station of Malvern had been reached, but after said train was put in motion and was moving away from said station, plaintiff ran out of said train and jumped from the steps thereof to the ground and fell, thus causing the injuries complained of.

Plea 3 alleges the same state of facts, with the additional averment that:   Before plaintiff attempted to and did jump from said train, she was warned not to do so, but to wait, and said train would be brought to a stop, and plaintiff given an opportunity to get off in safety, but plaintiff declined to heed such warning, and jumped from said train while it was in motion.

The special replication 2 to pleas 2 and 3 is as follows:   Plaintiff's acts and movements as alleged in each of said pleas occurred and were done as a result of the invitation, direction, or request of one of defendant's servants, agents, or employees in charge of said train on the occasion in question.

The following charges were refused to defendant: (2) The court charges the jury that when plaintiff's destination was reached, and the train stopped, it was her duty in law to retire from said train with reasonable diligence and dispatch, and if she failed to do so, and remained on said train until the same was put in motion, and was moving away from said station, and, while it was in motion, jumped off, by such act plaintiff took the risk of the peril involved in the venture, and she cannot recover in this suit.

(8)  The court charges the jury that in no case can a recovery be had if the injury complained of is the result of the mutual negligence of both parties.   In this case, if plaintiff remained on the train at Malvern and did not attempt to get off while the same was standing for that purpose, but waited until the train

was put in motion, and then jumped off of her own motion, and received the injuries complained of, she cannot recover in this suit, however greatly she may be injured, although the defendant may have been negligent in not allowing the train to remain at the station until it was known that all passengers from said station had retired from the train.

(7) The law does not require defendant company to stop at a station for the discharge of passengers beyond what would be a reasonable length of time to enable passengers for said station to alight, by the exercise of ordinary diligence on their part, and the law does not impose on the conductor in charge the duty of seeing and knowing that all the passengers intending to do so have alighted. Unless he knows or had good reason to believe to the contrary, he may act upon the presumption that passengers have availed themselves of the ample time allowed and gotten off the train.

BENJAMIN F. REID, for appellant. CHARLES D. CARMICHAEL, for appellee.

ANDERSON, C. J.— (1) While we do not commend counts C and D of the complaint as models of good pleading, or hold that they would not be subject to appropriate grounds of demurrer, if interposed, argued, and insisted upon on appeal, we do not think that either of said counts was subject to the ground of the demurrer argued and insisted upon in brief of appellant's counsel, that is, "They count upon simple negligence and wanton negligence." We think that each of said counts charges willful or wanton misconduct as the proximate cause of the plaintiff's injury.

(2) The trial court did not commit reversible error in overruling the demurrer to plaintiff's second replication to special pleas 2 and 3 to counts A and B of the complaint. The replication 2 was but a denial of a material part of plea 3, which charged that the plaintiff did the things charged, after being warned not to do so, but this would not prevent her from setting up the fact specially, though the trial court would not have committed reversible error in sustaining the demurrer to the replication to said plea 3, as the plaintiff could have gotten the benefit of same under the general replication. The said replication 2 set up good matter in confession and avoidance of special plea 2.

(3) Whether the trial court did or did not err in not letting the defendant ask the witness Ella Shivers, whom the plaintiff was standing there talking with when she (witness) got up and jumped off the train, matters not, as the witness seems to have subsequently answered the question, and which was not excluded. She said: "As I started out of the train I heard plaintiff speak a word or two to somebody, but I don't know who it was. I never did look back to see."

(4) The defendant cannot complain because the witness Ella Shivers testified, in response to the plaintiff's question as to the mental condition of plaintiff, that at the time she (the plaintiff) did not know what she was talking about. This tended to establish the defendant's contention that the plaintiff was drunk or drinking. Moreover, the fact that she did not know what she was talking about at the time had a tendency to weaken the accuracy of the plaintiff's evidence, which had been unfavorable to the defendant.

(5) Charges 2 and 8, refused the defendant, in effect instruct as matter of law that the plaintiff was guilty of contributory negligence for voluntarily stepping or jumping off the moving train. While there are circumstances under which the court could say, as matter of law that a person would be negligent in stepping or jumping from a moving train, depending largely upon the rate of speed the train was going, whether day or night, the surrounding conditions, and whether or not incumbered with bundles, etc. (*Hunter v. L. & N. R. R. Co.*, 150 Ala. 594, 43 South. 802, 9 U. R. A. [N. S.] 848), yet it was for the jury to determine in the case at bar, whether or not the plaintiff was guilty of negligence in getting off of the train, which was not moving rapidly and it being broad daylight. Moreover, the porter was standing near—some of the evidence shows that he had hold of her—and the jury could infer that the act of getting off was not necessarily dangerous and negligent.—*Birmingham R., L. & P. Co. v. Girod*, 164 Ala. 20, 51 South. 242, 137 Am. St. Rep. 17; *Sou. Ry. Co. v. Morgan*, 178 Ala. 590, 59 South. 432.

(6) Charge 7, refused the defendant, was refused without error, for the reason that, if not otherwise faulty, it pretermits a knowledge on the part of the passenger of the arrival of the train at the destination station, or a proper warning as to the approach of same. It was for the jury to determine whether or not the plaintiff had been properly warned or notified of the approach or

[Central of Georgia Ry. Co. v, Mathis.]

arrival of the train at the particular station in question.  While we have only discussed those charges specifically designated and argued in brief.of counsel, the others have not been overlooked, and we do not think that the trial court committed reversible error in refusing any of them.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.