This is the second time this case has been here. The case was first tried in Circuit Court before a jury and the jury returned a verdict in favor of the plaintiffs Nile and Jimmy Garmon, appellants here. The trial court entered a judgment in favor of the Garmons against the defendant, King Coal Company, and King Coal appealed. This *Page 777 
Court reversed and remanded the cause to the Circuit Court "for further proceedings not inconsistent" with its opinion. KingCoal Co. v. Garmon, 388 So.2d 886 (Ala. 1980). After remand, King Coal Company filed a motion for summary judgment "based upon the ruling of the Alabama Supreme Court, a copy of which is attached hereto as Exhibit A, and the record of the trial of this case previously held, a copy of which is on file in the office of the circuit clerk." The Court granted King Coal's motion for summary judgment and stated in its order, inter alia, as follows:
 The court has studied extensively the Supreme Court of Alabama's opinion reversing the case and the decision on the motion for rehearing filed in that court and decision rendered where this court was reversed, annulled and remanded to the court for further proceedings.
 The court originally let this case go to the jury on paragraphs H B as set out in the Supreme Court opinion, holding that paragraph B was enough in the contract to take the case to the jury, as opposed to the old case law that holds that paragraph H is not a contract that can be breached.
 The court determines that the Supreme Court [has] held that this is not a contract of sale and that paragraphs H B of the original contract was not a contract that had not been breached from the evidence and that there was no cause of action alleged and pending at this time.
After studying this Court's opinion in this cause on the initial appeal, we can understand why the learned trial judge concluded that this Court had effectively rendered the cause on the contract claim. Unfortunately, this Court, in addressingappellee's theory of the case (that the contract was one of sale and covered by Alabama's Commercial Code), chose some language which was inappropriate, and which we now see was responsible for causing the trial court to conclude that the Garmons were not entitled to a new trial on their contract claim.[1]
It is understandable, in view of these statements in the original opinion, why the trial judge decided that the Garmons were foreclosed on their contract claim. This Court's original opinion should not have been so construed.
In its original opinion, this Court did agree with King Coal's argument that the contract was not a contract for the sale of goods, and this Court did hold that the trial court erred in failing to grant King Coal's motion for a new trial. We might point out that King Coal did not file a motion for a judgment notwithstanding the verdict, which would have presented essentially the same legal question presented to the trial judge on the motion for summary judgment.
On the original appeal, King Coal, in brief, argued, as follows:
 Initially, it should be noted that throughout the record reference is made by the court, attorneys, parties and witnesses to a sale of the coal in question from the Garmons to King. This is an *Page 778 
erroneous reference because no sale took place. The coal belonged to King, and the Garmons contracted to remove it from the ground for an agreed consideration. The contract was therefore one for services, and would not be subject to the provisions of the Uniform Commercial Code, but rather the general law of contracts. [Emphasis added.]
King Coal, in its brief, also contended:
 Appellant respectfully requests the Court to reverse and remand this case. In the alternative, appellant urges an order of remittitur voiding the award for lost profits, and reducing the compensatory damages by $8,000.00.
In a reply brief to a brief filed by the Garmons, King Coal argued:
 We have been unable to locate any cases deciding whether a transaction involving a contract to mine coal under a lease agreement with the surface owner, when the so-called buyer actually owned the coal under another lease, as in the instant case, is or is not a sale. Probably this is because it has never been seriously contended that it was. It is elementary that a man cannot "sell" that which he does not own. Appellees had no trace of ownership in the coal involved, but were merely allowed to mine it by virtue of a lease with Blan McLendon, which gave them the right to cut through the surface to the coal below, and a service contract with appellant, which states that appellant and appellees are mutually desirous of removing the coal from the land. Appellant actually had title to the coal, by virtue of a lease agreement with Taylor, Raines and Harrison, the owners of the mineral rights. Therefore, since appellees had no title, there could be no transfer of title, and thus, no sale such as to bring the transaction under the rules set out in Article 2 of the Uniform Commercial Code.
In view of the above, it is apparent that the question of whether King Coal was entitled to a judgment, as a matter of law, was not presented; therefore, this Court's conclusion, on original appeal, that King Coal was entitled to a new trial on the contract claim should not have been construed as foreclosing the Garmons from having a new trial on the contract claim. The question of the sufficiency of the evidence to support any claim under the contract was not before this Court. The claim of the Garmons for lost profits, however, was before this Court and was resolved, adverse to the Garmons. They are not entitled to relitigate any claim of loss profits.
In view of the above, we now set out the legal standard which the learned trial judge should have applied in this case, since he was reviewing a motion for summary judgment that the jury verdict in the appealed case was against the weight and preponderance of the evidence. That standard is contained inLong v. Bankers Life and Casualty Company, 294 Ala. 67,311 So.2d 328 (1975), where this Court was faced with a factual setting very similar to the factual setting presented in this case. There, this Court set forth the law which is applicable when a trial judge is considering the effect of an appellate court reversal and remandment on subsequent relitigation, when the appellate court has exercised its discretion in ruling that a jury verdict was against the great weight and preponderance of the evidence. In Long v. Bankers Life and Casualty Company, this Court opined as follows:
 Bankers Life contends that the prior determination by the appellate court binds the trial court on the theory of the law of the case. It urges that the trial court would necessarily have to grant a directed verdict because of the effect of the appellate court determination. Bankers Life relies on the following cases: Thomason v. Dill, 34 Ala. 175; Douglass, Exr. v. City Council of Montgomery, 124 Ala. 489, 27 So. 310; Lecroix v. Malone, 157 Ala. 434, 47 So. 725. However, none of these cases deals with the effect of an exercise of appellate discretion in determining that the verdict was contrary to the great weight and preponderance of the evidence; rather each case deals with an appellate court determination of law — *Page 779 
requested written charges, Thomason, supra; whether bill has equity, Douglass, supra; admissibility of evidence, Lecroix, supra. Besides, the concept of the law of the case has undergone considerable legislative erosion. See Title 13, Sec. 28, Code of Alabama, 1940, (Recompiled 1958).
 Mrs. Long on the other hand, contends that the summary judgment proceeding must determine the existence or absence of disputed issues of material fact as measured by the scintilla of evidence rule.
 This court has apparently not had occasion to answer the precise question of what effect to give an appellate court determination that a jury verdict is against the great weight and preponderance of the evidence on further litigation. Our sister state of Mississippi has written to this question:
 "It is urged upon us here that the former decision is binding because there is no substantial difference in the evidence there and here. This is an erroneous view of the law upon that subject. When a case is reversed upon the ground that the verdict is contrary to the overwhelming weight of the evidence, it is sent back for a new trial, and the court below is not bound in the new trial by the judgment of this court on the weight of the evidence. The jury may find another verdict upon the same evidence, if, in their judgment, it is proper to do so. * * *" Universal Truck Loading Co. v. Taylor, 178 Miss. 143, 172 So. 756, 757 (1937). [Emphasis supplied.]
 We agree with the soundness of this principle that the trial court is not bound by an appellate determination that the verdict is contrary to the great weight and preponderance of the evidence. To allow any other standard would usurp the role of a jury.
 This principle is not new to our jurisdiction. It is the unarticulated, yet fundamental, cornerstone for the established principle that, where successive juries reach the same verdict and the trial court declines to grant motions for new trial on the ground that the verdict is not supported by the evidence, there is a cumulative effect of presumption of correctness in the jury verdict. Central of Georgia Ry. Co. v. Lee, 227 Ala. 661, 151 So. 840; Southern Ry. Co. v. Morgan, 178 Ala. 590, 59 So. 432; Metropolitan Life Insurance Co. v. Goodman, 196 Ala. 304, 71 So. 409. See 5A C.J.S. Appeal and Error § 1654.
 Thus, we hold that the standard as stated in Rule 56 (c) for testing whether to grant a motion for summary judgment is the proper standard to be applied in re-trial litigation after an appellate court reversal and remandment on the ground that the verdict is contrary to the great weight and preponderance of the evidence.
This Court's original reversal and remandment was based upon a determination that the verdict was contrary to the great weight and preponderance of the evidence on the theory advanced by the Garmons that the contract was one for the sale of goods. This Court did not have before it a question of whether King Coal was entitled to a judgment as a matter of law. In the first place, King Cole filed no motion for judgment notwithstanding a verdict, and the question of rendition of the cause was not presented to this Court. For a discussion of the standard of judicial and appellate review of motions for a new trial and motions for judgments notwithstanding a verdict, see,Casey v. Jones, 410 So.2d 5 (Ala. 1981).
Based on the foregoing, we conclude that the judgment of the trial court granting King Coal's motion for summary judgment is due to be reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] In the original opinion, this Court framed the issue:
 "Was there adequate evidence to sustain the finding that the defendant breached a contract? We think not."
This Court also opined:
 "We are aware that this Court has stated many times that verdicts are presumed to be correct and `that no ground in a motion for a new trial is more carefully scrutinized and more rigidly limited than that the verdict is contrary to the weight or preponderance of the evidence.' Deal v. Johnson, 362 So.2d 214 (Ala. 1978). When a verdict is against the weight or preponderance of the evidence, and is wrong and unjust, this Court may grant a new trial. After reviewing the evidence in this case, we are of the opinion that the Garmons failed to prove by competent evidence that King Coal breached its contract obligations. The evidence is undisputed that the Garmons failed to show that they had produced coal which would meet the contract specifications. The penalty for non-compliance in this case was shown to be rejection of the coal. This Court is convinced that the finding that the defendant breached the contract is wrong and unjust. King's motion for a new trial should have been granted."
King Coal Co., Inc. v. Garmon, 388 So.2d 890 (Ala. 1980). *Page 780