51 So.2d 174

## LIBERTY NAT. LIFE INS. CO. v. TRAMMELL.

6 Div. 916.

Supreme Court of Alabama.

Dec. 1, 1949.

Lipscomb & Brobston, of Bessemer, and D. G. Ewing, of Birmingham, for petitioner.

Spain, Gillon, Grooms & Young, Ralph B. Tate and John P. Ansley, of Birmingham, opposed.

SIMPSON, Justice.

Petition for certiorari to review and revise the opinion and judgment of the Court of Appeals, which reversed the judgment of the circuit court in, first, refusing to give for the defendant the affirmative charge with hypothesis and, second, refusing to grant the motion for a new trial on the weight of the evidence.

Petitioner, Mrs. Trammell, is the beneficiary under a policy of life insurance issued by the respondent, Liberty National

Life Insurance Company, insuring the life of her husband, John Edward Trammell. After insured's death, which occurred within the contestable period, liability was denied on the primary ground that insured was not in sound health on the date of the issuance of the policy, thereby resulting that the warranty clause of sound health was violated.

This appeal is from a judgment on a second trial after remandment. The first appeal is reported as Liberty Nat. Life Ins. Co. v. Trammell, 33 Ala.App. 275, 33 So.2d 479, 483, where the facts stated in that opinion of the Court of Appeals were somewhat similar to those appearing in the present opinion. In that appeal the judgment was reversed because "the lower court erred in refusing appellant's motion for a new trial on the grounds that verdict was contrary to the law and the evidence in that the great weight and preponderance of the evidence shows that the insured was not in sound health on the date of the issuance of the policy."

■ This court on that appeal, on a petition for writ of certiorari, denied certiorari because we do not review the Court of Appeals on such a finding of fact. Certiorari denied, 250 Ala. 159, 33 So.2d 483.

The present opinion and judgment of the Court of Appeals reversing the judgment below is, as above noticed, rested not only on the same ground of error as prevailed in the previous trial; viz., "refusing appellant's motion for a new trial on the grounds that verdict was contrary to the law and the evidence", etc., but also for the refusal of the trial court to give for the appellant the affirmative charge with hypothesis.

As to this latter ground of reversal, the opinion states:

"Appellant's counsel strenuously urges that the lower court also erred in its refusal to give appellant's written requested affirmative charge with hypothesis in the trial below, on two theories:

" '(1) The uncontradicted medical testimony of Dr. John W. Rose, Dr. Albert E. Casey, and Dr. Earl Drennen, whose opinions were based on laboratory tests, microscopic and personal examinations, was that

assured was afflicted with cancer on the date the policy was issued, and

" '(2) The uncontradicted testimony is that appellee falsely and with intent to deceive did misrepresent to appellant that her husband had not been attended by a physician, when as a matter of fact, assured had had an operation for cancer several months prior to the date the application was taken.'

"As to the second theory upon which appellant insists that it was entitled to the affirmative charge with hypothesis, that is the misrepresentation in the application that insured had not been attended by a physician within the past two years, we have concluded that such contention is meritorious. Being of this conclusion we will pretermit consideration of the first theory advanced by the appellant as above set out."

We granted certiorari to review and consider this phase of the Court of Appeals' opinion, since there appears to us to be some inconsistency in rationalizing this latter theory.

The law governing the question is now embodied in our statute as § 6, Title 28, Code 1940, which in substance provides that no misrepresentation or warranty made in negotiating an insurance policy or in the application therefor or proof of loss thereunder shall void the policy unless (1) such misrepresentation is made with actual intent to deceive or (2) unless the matter misrepresented increased the risk of loss.

■ To defeat the policy it must appear (1) the representations were false, (2) made either with actual intent to deceive or the matter misrepresented increased the risk of loss, and (3) insurer relied on them to its prejudice. New York Life Ins. Co. v. Zivitz, 243 Ala. 379, 10 So.2d 276, 143 A.L.R. 321, and cases cited.

■ As we construe the opinion of the Court of Appeals, while purporting to rest its conclusion that the defendant was entitled to the affirmative charge with hypothesis on the latter theory stated in the opinion, namely, misrepresentation with intent to deceive (the first alternative of the statute, *supra*), it proceeds to discuss the

facts and governing law to support the defense that the matter represented, rather than made with intent to deceive, increased the risk of loss (the second alternative of the statute), and then concludes with the result that "intent to deceive is not a material inquiry."

The law pertinent to the defenses under the respective alternatives specified in the statute (§ 6, supra) is not the same, and since the basis upon which the Court of Appeals rested its conclusion that the defendant is entitled to have the affirmative charge seems to have failed to take cognizance thereof, we have concluded the cause should be reversed for that court's further consideration.

We have not overlooked the principle that we do not review that court's findings of fact, but as we construe the opinion, that court has misapplied the law governing the facts so found, which is subject to our revision.

So considered, the judgment of the Court of Appeals is reversed.

Reversed and remanded.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.