266 So.2d 780

**BANKERS LIFE & CASUALTY COM-PANY, a corporation**

v.

**Nell Davenport LONG.**

**6 Div. 139.**

Court of Civil Appeals of Alabama.

Sept. 6, 1972.

Spain, Gillon, Riley, Tate & Ansley and Ollie L. Blan, Jr., Birmingham, for appellant.

Leo E. Costello, Birmingham, for appellee.

HOLMES, Judge.

This is an appeal from a verdict and judgment rendered thereon in a suit on a life insurance policy issued by appellant insurance company.

The policy sued on was issued to William B. Long on April 1, 1968, in the amount of $10,000.

Appellee, the widow of William B. Long, the beneficiary of the policy, filed a claim for the proceeds of the policy. This claim was denied by appellant insurance company and, thereafter, appellee filed suit. The insurance company plead the general issue in short by consent.

The case was tried before a jury and judgment was rendered in favor of the beneficiary, the appellee here, for the amount of the policy.

Appellant, in his appeal, brings some four assignments of error. Both appellant and appellee agree that the issue presented is whether the policy sued on was void because of misrepresentations made by the policy holder William B. Long, which increased the risk of loss to appellant or which were made with actual intent to deceive.

Tit. 28, § 6, Code of Alabama 1940, provides that:

"No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

The policy was issued to the decedent, William B. Long, upon a written application. The application was sent from appellant by a general mailing to all American Express credit card holders, of which decedent was one. The application was executed by decedent, insured, and by the terms of the policy the application and the policy constituted the contract of insurance.

The following are questions and answers in the application for insurance, pertinent to our review:

"2. Has this person been hospitalized or had any medical or surgical treatment or checkups in the past 5 years? *Yes*

"If answer is 'yes' give full details below

"SICKNESS OR DEFECT DATE DURATION OPERATION

"Hepatitis   1–12–66   6 mos.   None

"Doctor's name and address

"Dr. Arthur M. Freeman c/o Medical Arts Bldg, Birmingham, Ala 1

"3. Is this person in good health and free from any physical or mental impairment or disease? *Yes*" (Emphasis supplied)

The medical record of decedent, as revealed by the record, shows the following medical history up to the time the written application for insurance was made with appellant, said application having been made on March 7, 1968:

January 12 through February 21, 1966—admitted to East End Memorial Hospital—admitting diagnosis was sclerosis liver, pencilled over which was "cirrhosis." Final diagnosis was cirrhosis, alcoholic (Laennec's) hepatitis, alcoholic.

May 12 to June 20, 1966—East End Memorial Hospital—diagnosis was sclerosis and hepatitis. Final diagnosis was "cirrhosis alcoholic; hepatitis sec to above." Clinical findings on May 11, 1966, indicated "sclerosis and hepatitis."

July 20 to August 16, 1966—admitted to Hill Crest Hospital. Admitting diagnosis and final diagnosis was cirrhosis of the liver.

September 20 to October 13, 1967—East End Memorial Hospital; diagnosis "lacerated scalp. poss head injury" and final diagnosis was "laceration of left forehead, scalp, sec. to fall—cirrhosis."

The appellee testified she was the wife of William B. Long who died on September 27, 1969; that her husband was hospitalized in January 1969 [sic] and that Dr. Doggett was the attending physician; that her husband was hospitalized in May 1966 and, later, in Hill Crest Sanitarium; that he took medication for his liver.

Dr. Doggett's uncontradicted testimony was that cirrhosis of the liver would tend to shorten a person's normal life expectancy; that he treated deceased in the hospital in January 1966; that his admitting diagnosis was cirrhosis and the final diagnosis was cirrhosis of the liver—alcoholic cirrhosis; that there are different kinds of hepatitis and various degrees of hepatitis; further, that hepatitis could lead to cirrhosis and that alcoholic hepatitis would be a form of cirrhosis; that in his opinion assured had cirrhosis of the liver from January 1966 until his death. Dr. Doggett further testified that the terms "hepatitis" by itself and "cirrhosis of the liver" are used interchangeably and that he could have used the term "hepatitis" with a patient rather than "cirrhosis."

The death certificate introduced into evidence without objection shows that the immediate cause of death was "cirrhosis liver."

James Day, the manager of the Life Underwriting Department of appellant, testified that in his opinion if the information concerning deceased's hospitalization in 1966 and 1967 and a diagnosis of cirrhosis of the liver had been listed the appellant would not have issued the policy as applied for.

As we noted earlier, appellant's plea was in short by consent and his motion for a new trial and this appeal is based on the theories that assured had cirrhosis of the liver at the time he executed the application for insurance, and in such application made misrepresentations with actual intent to deceive, or misrepresented matters which increased the risk of loss. Of course, either alternative would justify avoidance of the policy by the insurance company. Liberty National Life Ins. Co. v. Hale, 285 Ala. 198, 230 So.2d 526.

■ In other words, as the Supreme Court of Alabama has stated, to defeat the insurance policy for the reason of misrepresentation, it must appear that (1) the misrepresentations were false, (2) made either with actual intent to deceive *or* the matter misrepresented increased the risk of loss and (3) the insurer relied on them to its prejudice. Liberty National Life Ins. Co. v. Trammell, 255 Ala. 1, 51 So.2d 174.

The supreme court in the *Hale* case, *supra,* quoted from New York Life Ins. Co. v. Horton, 235 Ala. 626, 632, 180 So. 277, 282, as follows:

"A candid and truthful answer would have enabled the insurer to discover the true facts with reference to the insured's health. Insurance companies are entitled to candid and truthful answers, and when such candor is withheld and involves matters material to the risk, no just complaint can be raised, when, in

after investigations, the falsity is discovered and the policies issued in reliance upon the truthfulness of the statements, are avoided."

■ The law in Alabama as seen above is that an insurance company is entitled to all material information bearing upon the obligation it undertakes in issuing a policy. See *Horton, supra.*

■ Mr. Long was asked in the application for insurance to give *any* hospitalization, medical or surgical treatment in the past five years. He listed one such hospitalization. He did not list two other pertinent hospitalizations which were material; that of May 12 to June 20, 1966, and that of July 20 to August 16, 1966. The withholding of this information is at best less than a candid and truthful answer to which the insurer was entitled under the laws of Alabama and the wording of the application. Representations touching consultation with or treatment by a physician must relate to some serious ailment material to the question of life expectancy. New York Life Ins. Co. v. Zivitz, 243 Ala. 379, 10 So.2d 276, 143 A.L.R. 321.

" 'A material risk is any previous affection which might reasonably have been considered a menace to the prolongation of the life of the insured, and that, had it been revealed, the application would have been rejected.' . . .'" Metropolitan Life Ins. Co. v. Dixon, 226 Ala. 603, 604, 148 So. 121, 122.

Regardless of the innocence with which such misrepresentation may have been made its misleading character is obvious, "nor can it be questioned that information thereof would have affected the conduct of the insurer to a very material extent." Metropolitan Life Ins. Co. v. Dixon, *supra.*

■■ Misrepresentation in an application for life policy need not be the sole inducement to the contract nor the chief influence leading to action in order to relieve the insurer from liability, but it is enough if, as a contributory influence, they operate

on the mind and conduct of the other party to any material extent. New York Life Ins. Co. v. Zivitz, *supra;* National Life and Accident Ins. Co. v. Cummings, 27 Ala. App. 355, 172 So. 353.

> " 'Insurance policies are traditionally contracts uberrimae fidei and a failure by the insured to disclose conditions affecting the risk, of which he is aware, makes the contract voidable at the insurer's option.' . . ." Ex parte Porter, 271 Ala. 44, 50, 51, 122 So.2d 119, 124.

The appellant here was entitled to the information concerning the above mentioned hospitalization as such hospitalization does relate to a serious ailment material to the question of life expectancy and the withholding of same under the facts of this case is such a misrepresentation as to increase the risk of loss.

Appellee, in her excellent and thorough brief, points out that the question of whether misrepresentations were made with actual intent to deceive or increase the risk of loss under Tit. 28, § 6, Code of Alabama 1940, is a question for the jury. See Penn Mutual Life Ins. Co. v. Cobbs, 23 Ala.App. 205, 123 So. 94; Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524. However, in this instance the judgment rendered for the appellee is so plainly contrary to the preponderance of the evidence as to convince us that it is palpably erroneous.

It is therefore our opinion that the appellant was entitled to avoid the policy under the second alternative presented by Tit. 28, § 6, Code of Alabama 1940; that is, that the matter misrepresented, to wit, two material hospitalizations, to wit, May 12 to June 20, 1966, and July 20 to August 16, 1966, which insured failed to disclose at the time of execution of the application for insurance, increased the risk of loss.

In view of the above, the lower court erred in refusing appellant's motion for a new trial because the verdict was contrary to the law and the evidence in that the great weight and preponderance of the evidence shows that the insured withheld information in his application for insurance, regarding prior hospitalizations and this misrepresentation increased the risk of loss.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.