311 So.2d 324

**Nell Davenport LONG**

v.

**BANKERS LIFE & CASUALTY COMPANY, a corp.**

**Civ. 359.**

Court of Civil Appeals of Alabama.

June 28, 1974.

Rehearing Denied July 24, 1974.

Leo E. Costello, Birmingham, for appellant.

Spain, Gillon, Riley, Tate & Ansley and Ollie L. Blan, Jr., Birmingham, for appellee.

HOLMES, Judge.

This appeal is from the granting of a summary judgment rendered in the Circuit Court of Jefferson County in favor of appellee, Bankers Life & Casualty Company, who was the defendant in the original suit brought by appellant-wife on a life insurance policy insuring the husband of the appellant issued by appellee.

The original suit was begun in February of 1970 and resulted in a jury verdict and judgment thereon in favor of appellant. The defendant insurance company appealed the judgment to this court, and we reversed and remanded the case on September 6, 1972. A discussion of the facts and this court's action in September of 1972 may be found in Bankers Life & Casualty Co. v. Long, 48 Ala.App. 570, 266 So.2d 780. We do not deem it necessary to reiterate the facts or this court's discussion thereon, but refer the reader to the aforementioned reporters.

After the action of this court in reversing and remanding the case, defendant insurance company filed a motion for summary judgment in accord with Rule 56, Alabama Rules of Civil Procedure, alleging there was no genuine issue as to any material fact and therefore the insurance company was entitled to a judgment as a matter of law.

In response to the motion, appellant (plaintiff in the original action) filed what she termed an "opposition to motion" which alleged that she would offer as additional evidence at trial a letter from a Dr. Freeman which was not introduced at the original trial because of the absence of Dr. Freeman. Appellant further states that the letter from Dr. Freeman specifically says that the tests on William Baron Long (deceased) for liver disease were within normal limits on March 8, 1968, the day after deceased signed the application for the insurance policy. Appellant contends this evidence would tend to show that deceased was not suffering from liver disease as of the date of the policy application and would warrant submission of the facts involved to a jury.

Appellant's final point in her "opposition to motion" is that she does not expect to have any additional evidence to add to the proceedings at the original trial other than the letter from Dr. Freeman and his testimony that all of the deceased's laboratory tests for liver disease were within normal limits the day after deceased signed the policy application. Put another way, the doctor's testimony would substantiate the letter.

After consideration of the motion for summary judgment and the "opposition to motion," the trial court granted the appellee-insurance company's motion for summary judgment. It is from this action the appellant-wife appeals.

Appellant asserts in brief that the sole question to be determined on this appeal is whether the letter from Dr. Freeman and

his testimony in support of such letter are sufficient, when coupled with all the evidence in the original trial, to warrant a jury finding that deceased did not make any misrepresentations, or that if he made any misrepresentations, they were not made with any intent to deceive nor did they increase the risk of loss. Appellant further states that in determining the above stated question, one must take into account the "scintilla rule" which prevails in Alabama.

At the outset, we deem it necessary to determine the nature of the review on appeal from the grant or denial of a motion for summary judgment.

Since our newly adopted Alabama Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, we note that 10 Wright & Miller, Federal Practice and Procedure: Civil § 2716, states the general standard which an appellate court applies in reviewing the grant or denial of a summary judgment motion is the same as that employed by the trial judge initially under Rule 56(c). This section provides that a summary judgment is proper when it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The manner in which this test is applied at the appellate level is designed to give the party who defended the motion the benefit of any doubt as to the propriety of granting summary judgment. That is to say, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.

In this instance, for clarity of this opinion, it is necessary to consider what this court held in Bankers Life & Casualty Co. v. Long, *supra*. Pertinent parts are as follows:

"The law in Alabama as seen above is that an insurance company is entitled to all material information bearing upon the obligation it undertakes in issuing a policy. See *Horton* [235 Ala. 626, 180 So. 277], *supra*.

"Mr. Long was asked in the application for insurance to give *any* hospitalization, medical or surgical treatment in the past five years. He listed one such hospitalization. He did not list two other pertinent hospitalizations which were material; that of May 12 to June 20, 1966, and that of July 20 to August 16, 1966. The withholding of this information is at best less than a candid and truthful answer to which the insurer was entitled under the laws of Alabama and the wording of the application. Representations touching consultation with or treatment by a physician must relate to some serious ailment material to the question of life expectancy. New York Life Ins. Co. v. Zivitz, 243 Ala. 379, 10 So.2d 276, 143 A.L.R. 321.

.     .     .     .     .     .

"Regardless of the innocence with which such misrepresentation may have been made its misleading character is obvious, 'nor can it be questioned that information thereof would have affected the conduct of the insurer to a very material extent.' Metropolitan Life Ins. Co. v. Dixon [226 Ala. 603, 148 So. 121], *supra*.

.     .     .     .     .     .

"The appellant here was entitled to the information concerning the above mentioned hospitalization as such hospitalization does relate to a serious ailment material to the question of life expectancy and the withholding of same under the facts of this case is such a misrepresentation as to increase the risk of loss.

.     .     .     .     .     .

"It is therefore our opinion that the appellant was entitled to avoid the policy under the second alternative presented by Tit. 28, § 6, Code of Alabama 1940; that is, that the matter misrepresented, to wit, two material hospitalizations, to wit, May 12 to June 20, 1966, and July

20 to August 16, 1966, which insured failed to disclose at the time of execution of the application for insurance, increased the risk of loss.

"In view of the above, the lower court erred in refusing appellant's motion for a new trial because the verdict was contrary to the law and the evidence in that the great weight and preponderance of the evidence shows that the insured withheld information in his application for insurance, regarding prior hospitalizations and this misrepresentation increased the risk of loss." (48 Ala.App. at 573, 574, 266 So.2d at 783, 784)

As seen from the above, the deceased misrepresented and withheld information regarding the periods of hospitalization, and this court held such misrepresentation increased the risk of loss. Appellant asserts the letter and testimony of Dr. Freeman would show the condition of decedent's liver to be within normal limits and therefore there could not be an increase in risk of loss from an alleged misrepresentation.

As noted earlier, the question to be determined is whether there is any genuine issue as to a material fact so that, if none, the moving party is entitled to a judgment as a matter of law.

Clearly, the deceased *did not* list prior hospitalizations, which facts were required on the policy application of the insurer. Of interest, James Day, the manager of the Life Underwriting Department of appellee, testified at the original trial that, in his opinion, if deceased had listed all of the periods of hospitalization and diagnoses as required, then the insurance company would not have issued the policy as applied for.

The letter or testimony by Dr. Freeman cannot and does not change the material misrepresentation regarding the prior hospitalization which this court stated increased the risk of loss. The deceased failed to give all material information required by the insurer on the application. The fact that the state of deceased's liver functions were within "normal" limits on a date after the application of insurance does not abrogate the fact that matters were misrepresented which we have previously determined increased the risk of loss to insurer. As we quoted in Bankers Life & Casualty Co. v. Long, *supra*, quoting from Liberty National Ins. Co. v. Hale, 285 Ala. 198, 230 So.2d 526:

"'A candid and truthful answer would have enabled the insurer to discover the true facts with reference to the insured's health. Insurance companies are entitled to candid and truthful answers, and when such candor is withheld and involves matters material to the risk, no just complaint can be raised, when, in after investigations, the falsity is discovered and the policies issued in reliance upon the truthfulness of the statements, are avoided.'" (48 Ala.App. at 573, 266 So.2d at 783)

Accordingly, as did the trial court, we cannot find a genuine issue of a material fact and, therefore, determine the appellee was entitled to summary judgment as a matter of law.

The decision of the lower court is hereby affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.