311 So.2d 328

**In re Nell Davenport LONG**

**v.**

**BANKERS LIFE AND CASUALTY COMPANY, a corporation.**

**Ex parte Nell Davenport Long.**

**SC 930.**

Supreme Court of Alabama.

March 6, 1975.

**68**

Leo E. Costello, Birmingham, for petitioner.

Spain, Gillon, Riley, Tate & Ansley and Ollie L. Blain, Jr., Birmingham, for respondent.

HEFLIN, Chief Justice:

This is a certiorari to review a decision of the Court of Civil Appeals. The factual setting and procedural steps of this case are recorded in two decisions of the Court of Civil Appeals. For a more complete discussion of the underlying facts, see 48 Ala.App. 570, 266 So.2d 780 (1972)[1], and 54 Ala.App. 604, 311 So.2d 324 (1974). A brief chronology of the factual context and procedural steps of this litigation may be beneficial in understanding the posture of this case.

Bankers Life and Casualty Company (Bankers Life) sent advertising brochures to all American Express Credit Card holders. These brochures announced a group life insurance plan for interested credit card holders. An application was included in the package. Mr. William Long filled out his application and returned it to Bankers Life. The application was accepted. Mr. Long died some nine months after the policy went into effect. His widow, Mrs. Nell Davenport Long filed for the $10,000 life insurance proceeds. Bankers Life refused to make payment. Mrs. Long brought suit. Bankers Life set up the defense of misrepresentation in the policy. A jury verdict was rendered for Mrs. Long for the amount of the policy. Bankers Life appealed to the Court of Civil Appeals where the case was reversed and remanded. The ground for the reversal and remandment was that Bankers Life's motion for a new trial should have been granted because the verdict was against the great weight and preponderance of the evidence. Specifically, the court held that the evidence showed that Mr. Long had withheld information in his application which increased the risk of loss to Bankers Life. Mrs. Long did not petition this court for certiorari. After remand, Bankers Life moved for summary judgment, on the basis of record of the prior trial and the ruling by the appellate court. Mrs. Long relied on the record plus a letter by Mr. Long's physician, Dr. Arthur Freeman, who did not testify at the trial. The trial court granted summary judgment for Bankers Life. Mrs. Long appealed that judgment to the Court of Civil Appeals. It affirmed the summary judgment. That affirmance is the basis of the instant certiorari.

This case deals with application of the standard for testing motions for summary judgment in the area of re-trial litigation after an appellate court's determination that a jury verdict was contrary to the great weight and preponderance of the evidence. This is the first occasion presented this court to address itself to the propriety of granting summary judgments in this procedural posture.

1. This reference to the Court of Civil Appeals' case is not to be construed as an approval or a disapproval by this court of the language contained in the opinion or the holding thereof since this case was not reviewed on certiorari.

The basic question presented is whether the Court of Civil Appeals applied the proper standard of law by which a motion for summary judgment is tested in re-trial litigation after an appellate determination that the verdict is against the great weight and preponderance of the evidence. This court holds that the Court of Civil Appeals erred in not applying the proper standard for testing motions for summary judgment in such situations.

The Court of Civil Appeals properly stated the standard by which summary judgments are tested:

"* * * [A] Summary judgment is proper when it appears 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' * * *""

■ The Court of Civil Appeals also states the principle that the appellate court standard for reviewing the trial court's action is the same standard as used by the trial court. 10 Wright and Miller, Federal Practice and Procedure § 2716; 6 Moore's Federal Practice ¶ 56.27[1]. This court agrees with this principle for appellate review of the action of trial courts when ruling on motions for summary judgment.

Applying this standard to the case before us requires that a court determine that the moving party has carried the burden of showing the absence of any genuine issue as to (1) whether there was a misrepresentation in the answer to question 2 of the application for insurance and (2) whether, assuming a misrepresentation is found, such misrepresentation either (a) is intentional or (b) is such as to increase the risk of loss to the insurer.

The Court of Civil Appeals does not proceed with a determination as set out above. Instead, the court set forth a condensed recital of its findings of fact per its first opinion and then looked to see whether there was any new evidence presented by Mrs. Long which would create a triable issue of fact. The essence of the court's rationale may be stated as follows:

"As seen from the above [the condensed recital of its prior findings of fact] the deceased misrepresented and withheld information regarding the periods of hospitalization, and this court held such misrepresentation increased the risk of loss. Appellant asserts the letter and testimony of Dr. Freeman would show the condition of decedent's liver to be within normal limits and therefore there could not be an increase in risk of loss from an alleged misrepresentation.

* * * * * *

"The letter or testimony of Dr. Freeman cannot and does not change the material misrepresentation regarding the prior hospitalization which this court stated increased the risk of loss. * * *"

Thus, it is clear the court did not use the usual standard by which motion for summary judgment is tested but rather used a standard which relies on the prior appellate findings of fact. Is such a standard proper?

The answer to this question turns on the effect of an appellate court reversal and remandment on subsequent relitigation when the appellate court exercises its discretion in ruling that a jury verdict is against the great weight and preponderance of the evidence.

Bankers Life contends that the prior determination by the appellate court binds the trial court on the theory of the law of the case. It urges that the trial court would necessarily have to grant a directed verdict because of the effect of the appellate court determination. Bankers Life relies on the following cases: Thomason v. Dill, 34 Ala. 175; Douglass, Exr. v. City Council of Montgomery, 124 Ala. 489, 27 So. 310; Lecroix v. Malone, 157 Ala. 434, 47 So. 725. However, none of these cases

deals with the effect of an exercise of appellate discretion in determining that the verdict was contrary to the great weight and preponderance of the evidence; rather each case deals with an appellate court determination of law—requested written charges, *Thomason, supra*; whether bill has equity, *Douglass, supra*; admissibility of evidence, *Lecroix, supra*. Besides, the concept of the law of the case has undergone considerable legislative erosion. See Title 13, Sec. 28, Code of Alabama, 1940, (Recompiled 1958).

Mrs. Long on the other hand, contends that the summary judgment proceeding must determine the existence or absence of disputed issues of material fact as measured by the scintilla of evidence rule.

This court has apparently not had occasion to answer the precise question of what effect to give an appellate court determination that a jury verdict is against the great weight and preponderance of the evidence on further litigation. Our sister state of Mississippi has written to this question:

"It is urged upon us here that the former decision is binding because there is no substantial difference in the evidence there and here. This is an erroneous view of the law upon that subject. *When a case is reversed upon the ground that the verdict is contrary to the overwhelming weight of the evidence, it is sent back for a new trial, and the court below is not bound in the new trial by the judgment of this court on the weight of the evidence. The jury may find another verdict upon the same evidence, if, in their judgment, it is proper to do so. * * *"* Universal Truck Loading Co. v. Taylor, 178 Miss. 143, 172 So. 756, 757 (1937). [Emphasis supplied]

We agree with the soundness of this principle that the trial court is not bound by an appellate determination that the verdict is contrary to the great weight and preponderance of the evidence. To allow any other standard would usurp the role of a jury.

This principle is not new to our jurisdiction. It is the unarticulated, yet fundamental, cornerstone for the established principle that, where successive juries reach the same verdict and the trial court declines to grant motions for new trial on the ground that the verdict is not supported by the evidence, there is a cumulative effect of presumption of correctness in the jury verdict. Central of Georgia Ry. Co. v. Lee, 227 Ala. 661, 151 So. 840; Southern Ry. Co. v. Morgan, 178 Ala. 590, 59 So. 432; Metropolitan Life Insurance Co. v. Goodman, 196 Ala. 304, 71 So. 409. See 5A C.J.S. Appeal and Error § 1654.

Thus, we hold that the standard as stated in Rule 56(c) for testing whether to grant a motion for summary judgment is the proper standard to be applied in retrial litigation after an appellate court reversal and remandment on the ground that the verdict is contrary to the great weight and preponderance of the evidence.

Reversed and remanded.

MERRILL, BLOODWORTH, MADDOX, FAULKNER, JONES, SHORES and EMBRY, JJ., concur.

ALMON, J., concurs in the result.