345 So.2d 1321 (1977)
BANKERS LIFE AND CASUALTY COMPANY, a corp.
v.
Nell Davenport LONG.
SC 1907.
Supreme Court of Alabama.
March 11, 1977.
Rehearing Denied May 6, 1977.
Ollie L. Blan, Jr., Spain, Gillon, Riley, Tate & Etheredge, Birmingham, for appellant.
Leo E. Costello, Birmingham, for appellee.
EMBRY, Justice.
The question in this case is whether or not an application for issuance of a life insurance policy contained sufficient information about applicant's medical history to create a duty that the insurer inquire further *1322 into applicant's medical history so the failure to do so would preclude insurer avoiding the policy on the ground of misrepresentation. We answer that there was sufficient information to put insurer on notice and therefore affirm judgment in behalf of the beneficiary.
Nell Long brought suit to recover the proceeds of a life insurance policy on her deceased husband. In her first action to recover, the jury awarded her $10,000, the stated value of the policy. The Court of Civil Appeals reversed and remanded for a new trial on the ground that the judgment rendered was so plainly contrary to the preponderance of the evidence as to be palpably erroneous. Bankers Life and Casualty Co. v. Long, 48 Ala.App. 570, 266 So.2d 780 (1972). On second trial, the insurer, Bankers Life, was granted summary judgment which was affirmed by the Court of Civil Appeals, Long v. Bankers Life and Casualty Co., 54 Ala.App. 604, 311 So.2d 324 (1974). This court reversed and remanded on the ground that the Appeals Court had applied the wrong standard of review in testing a motion for summary judgment in a retrial proceeding. Long v. Bankers Life and Casualty Co., 294 Ala. 67, 311 So.2d 328 (1975) and by that court remanded for new trial, 54 Ala.App. 729, 311 So.2d 331.
Upon new trial, Mrs. Long was rendered a $13,000 verdict in her favor. Bankers Life filed motion for judgment notwithstanding the verdict or for new trial, which was denied. Bankers Life appealed.
Bankers Life contends the insured, William B. Long, failed to list on an application for life insurance, prior diseases, visits to doctors and hospitalizations which were material to and increased the risk of loss to the insurer, thereby entitling Bankers Life to rescind and avoid the policy.
The decedent made written application for the policy in 1968. By the terms of the policy, the application, executed by decedent, insured, and the policy constituted the contract of insurance. The alleged misrepresentations in the application appear as follows:
"2. Has this person been hospitalized or had any medical or surgical treatment or checkups in the past 5 years? Yes
"If answer is `yes' give full details below

"Sickness or Date Duration Operation
 Defect
"Hepatitis 1-12-66 6 mos. None
"Doctor's name and address
Dr. Arthur M. Freeman
c/o Medical Arts Bldg.
Birmingham, Ala.

"3. Is this person in good health and free from any physical or mental impairment or disease? Yes"
Title 28, § 6, Code of Ala. (1940), which was repealed January 1, 1972, but was in effect when this cause of action arose and is therefore applicable in this case, provided:
"No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."
After Mr. Long's death, an investigation revealed that Mr. Long had been hospitalized and treated for cirrhosis of the liver during three visits to the hospital in 1966, totaling 93 days, and spread over an eight month period from January to August. Mr. Long died of cirrhosis of the liver.
Bankers Life contends that the evidence is undisputed that Mr. Long had cirrhosis of the liver at the time he made application for the policy; that he had been hospitalized and treated for cirrhosis prior to the application; had knowledge of the disease at the time of application; and that, had this information been listed in the application, Bankers Life would not have issued the policy.
The rule in Alabama is that to defeat an insurance policy on the ground of misrepresentations in the application it must appear: (1) the misrepresentations were false, (2) made with actual intent to *1323 deceive or the matter misrepresented increased the risk of loss and (3) the insurer relied on them to its prejudice. Liberty National Life Insurance Co. v. Trammell, 255 Ala. 1, 51 So.2d 174 (1949).
An insurance company is entitled to all material information bearing upon the obligation it undertakes in issuing a policy. Liberty National Life Insurance Co. v. Hale, 285 Ala. 198, 230 So.2d 526 (1969).
Our law on this subject is in accord with the general rule that an intentional misrepresentation by the applicant of material facts relied on by the insurer permits the insurer to avoid the policy. The well recognized exception to this rule is: the policy is not avoided if the insurer knows the true facts, or the falsity of the statements, or has sufficient indications that would put a prudent person on notice so as to induce an inquiry which, if done with reasonable thoroughness, would reveal the truth. New York Life Insurance Co. v. Strudel, 243 F.2d 90 (5th Cir.Fla. 1957); 43 Am.Jur.2d, Insurance, § 741, p. 727.
The application asked for Long to give any hospitalization, medical, or surgical treatment within the past five years preceding the application. He listed his hospital stay as one six-month hospitalization beginning January 12, 1966, when in reality there were three separate stays amounting to a little more than three months during the six month period. The medical records show that during the first two hospitalizations the diagnosis rendered was cirrhosis, alcoholic hepatitis, hepatitis and alcoholism. The third visit produced a diagnosis of cirrhosis of the liver. Hepatitis and cirrhosis are conditions or diseases of the liver, both varying as to the manner in which they affect the liver, what causes them, and the symptoms they produce. From Long's medical record, it appears that he suffered from both conditions and that they were due to a common cause, alcoholism.
In addition to listing the fact that he had been hospitalized for hepatitis, Mr. Long also gave the name and address of his doctor. He failed to list cirrhosis together with hepatitis, as a sickness from which he suffered, and he affirmatively stated he was free from physical disease. However, in light of the information that was given hospitalization, hepatitis, doctor's name and addresswe believe there was sufficient notice that he had suffered from, and was treated for, a liver disease, to put the insurer on sufficient notice to impose a duty of inquiry.
The insurer knew Long had been hospitalized in 1966 for a disease of the liver. The evidence is not contradicted that when Long completed the application the liver function tests to which he had been subjected showed his liver to be functioning normally. His physician informed him of this and that he, Long, seemed to be doing quite well in every way. Long had every right to believe that his liver disease was under control and thus the jury had ample evidence before it to conclude that he was not guilty of fraud in completing the application. The insurer also possessed the name and address of Long's doctor through whom it can reasonably be assumed more information as to his condition would be made readily available; the application also contains consent for the insurer to obtain information and records about Long from any doctor or hospital.
Viewing the evidence in this posture we find this case to be within the stated exception to the general rule and therefore the insurer is not entitled to avoid the policy.
The judgment of the trial court is affirmed.
AFFIRMED.
BLOODWORTH, JONES and ALMON, JJ., and SIMMONS (Retired Circuit Judge sitting by designation of the Chief Justice), concur.

ON REHEARING
EMBRY, Justice.
The contentions of Bankers Life in its application for rehearing may be summarized as: Within the purview of Code of Ala., Tit. 28, § 6, Long, in his application for *1324 the policy, made a misrepresentation in writing, with actual intent to deceive, or misrepresented facts about his health that increased the risk of loss for which he was seeking insurance, or both. These contentions are not accurate.
As noted in the original opinion, Long answered "yes" to the question of whether he had been hospitalized or had any medical or surgical treatment or checkups within a five year period prior to his application. He gave Dr. Freeman's name on the application. Dr. Freeman testified that on 6 March 1968 he discussed with Long the latter's state of health. This was the day before Long completed his application. Dr. Freeman further stated he dictated a letter to Long on 8 March, following the discussion of 6 March, in which was contained the statement "* * * All of your laboratory tests for liver disease are now within normal limits * * *." On the basis of this and other evidence, certainly the jury had the right to conclude both that Long neither believed he was otherwise than in good health, and free from physical or mental impairment, and he made no misrepresentation with intent to deceive.
Bankers Life argues that our decision is irreconcilable with Herricks v. Mutual Life Insurance Co. of New York, 294 Ala. 446, 318 So.2d 683. Herricks is easily distinguishable from this case. Herricks was on appeal from summary judgment entered in behalf of the insurer. Herricks, had answered "no" to questions in the application:
"6. Are you, so far as you know:
a) In impaired physical or mental health?
b) Under any kind of medication or any diet?"
On the other hand, Long not only answered "yes" to whether he had been hospitalized or treated, he gave his doctor's name, what he believed that he had suffered with in the past, but also answered truthfully, according to what he had been told by his doctor, about his health as of the date of his application.
APPLICATION FOR REHEARING OVERRULED.
BLOODWORTH, JONES and ALMON, JJ., and SIMMONS (Retired Circuit Judge sitting by designation of the Chief Justice), concur.