AETNA CASUALTY & SURETY
COMPANY, Plaintiff-Appellee,

v.

H. Ray EVERS, Defendant-Appellant.

No. 78–2267

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1979.

E. Gordon Schaefer, Jr., New Orleans, La., for defendant-appellant.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Lemle, Kelleher, Kohlmeyer, & Matthews, William S. Penick, New Orleans, La., for Aetna Cas. & Sur. Co.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

AINSWORTH, Circuit Judge:

In this Louisiana diversity action Aetna Casualty & Surety Company, a Connecticut corporation, seeks a judgment declaring that a malpractice policy issued to Dr. H. Ray Evers, a Louisiana resident, is null and void. The district court granted the insurer's motion for summary judgment, and Evers appealed. We affirm.

The memoranda, affidavits, and exhibits of the parties in support of and in opposition to the motion for summary judgment[1] and their briefs on appeal disclose the following uncontroverted facts which are dispositive of this appeal. In 1972, while lawfully engaged in a medical practice in Andalusia, Alabama, Evers applied to Aetna through an insurance agency for professional liability insurance. The application represented that Evers was registered and licensed to practice in all jurisdictions in which he was practicing. Aetna issued a policy to Evers at his Alabama address. The policy was subsequently renewed without incident in 1973.

Evers moved to Louisiana sometime between July 1973 and June 1974. In April 1974, Evers was issued a temporary permit to practice in Louisiana which, by its own terms, expired on June 13, 1974, and, as stated on its face, could not be renewed. On June 18, the Louisiana State Board of Medical Examiners notified Evers that he had no legal right to practice medicine in Louisiana following the expiration of his temporary permit. Subsequently, the State Board twice rejected Evers' application for a permanent permit. Finally, in a ruling of February 2, 1976, a Louisiana court held that Evers had no legal right to practice medicine in Louisiana after June 13, 1974.

Meanwhile, on June 3, 1974, Evers (at this point a Louisiana resident) requested renewal of his Aetna policy in a letter to a Birmingham insurance agent on stationery bearing his former Alabama address. The agent responded to Evers at his Alabama address and expressed a willingness to obtain renewal, enclosing an application for Evers to fill out and send to Aetna. Evers never did so. Nevertheless, Aetna renewed his policy, effective July 7, 1974. Both the policy and the premium notice were mailed to Evers at the Alabama address. The front page of the policy listed Evers' office address in Alabama and contained a declaration that Evers was duly registered and licensed to practice under the laws of all jurisdictions in which he was practicing. At no time did Evers inform Aetna of his move to Louisiana or of his license problems in that state. Aetna learned of those circumstances only when it was informed in April 1975 of a suit against Evers for alleged malpractice occurring in August and September of 1974. In May 1975, Aetna cancelled the policy and tendered a refund of the premium, which Evers refused. Consequently, Aetna brought this suit seeking a judgment declaring the policy null and void on account of material misrepresentations and omissions made by Evers in securing renewal of his malpractice coverage.

Under Alabama law,[2] "misrepresentations, omissions, concealment of facts and incorrect statements" provide grounds

---

1. Evers filed only a memorandum in opposition to the motion for summary judgment without attaching any supporting or countervailing affidavits or exhibits.

2. The parties do not dispute that Alabama law is applicable in this Louisiana diversity action involving the enforceability of an insurance contract created in Alabama. Under *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), the district court must follow Louisiana's conflict of laws rules which, in this case, point to Alabama as the place where the contract was entered, the policy delivered, and the premium paid. *See, e. g., First National Bank of Lafayette v. Stovall*, La.App.1961, 128 So.2d 712, 716.

for nullification of an insurance policy when they are "[m]aterial either to the acceptance of the risk or to the hazard assumed by the insurer." Ala.Code § 27–14–7(a)(2) (1975).[3] *See also Bankers Life & Casualty Co. v. Long*, Ala.1977, 345 So.2d 1321, 1322–23; *Liberty National Life Insurance Co. v. Hale*, 1969, 285 Ala. 198, 230 So.2d 526, 530 ("An insurance company is entitled to all material information bearing upon the obligation it undertakes in issuing a policy.").

 In this case, Evers indisputably failed to inform Aetna of his move to Louisiana and of his license problems in that state. Moreover, by applying for renewal of his policy on stationery bearing his Alabama address, he affirmatively misrepresented that he was continuing to practice in Alabama and concealed the fact that he was practicing in Louisiana. In affidavits supporting Aetna's motion for summary judgment, the underwriter of Evers' policy (an Aetna employee) and the agent with whom Evers dealt both stated that the policy would not have been renewed if the circumstances had been known. Evers submitted no countervailing affidavits and, as a matter of elementary common sense, we cannot doubt that Evers' move to Louisiana and the license problems which ensued were "material either to the acceptance of the risk or to the hazard assumed by the insurer."

 We reject Evers' contention that Aetna waived its right to void the policy by renewing it despite Evers' failure to submit the application forwarded to him by the insurance agent. Under Alabama law, the insurer forfeits his right to complain of a misrepresentation as grounds for voiding a policy only if the insurer knows of the misrepresentation or has sufficient indication of it to induce further inquiry. *See, e. g., Bankers Life & Casualty Co. v. Long*, Ala. 1977, 345 So.2d 1321, 1323. In this case, involving the apparently routine renewal of a policy, Evers' failure to submit the formal application form was not sufficient to put the onus of further inquiry on Aetna, especially in light of the fact that by use of his Alabama letterhead Evers affirmatively concealed the critical fact of his move to Louisiana. Thus, we see no grounds under Alabama law for concluding that Aetna waived its right to void Evers' policy.

Hence, we affirm the judgment of the district court declaring Evers' policy null and void.

AFFIRMED.

---

3. Ala.Code § 27–14–7 (1975) provides in full:

(a) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:

(1) Fraudulent;

(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

(b) No plea of misrepresentation or fraud in connection with the issuance of a life insurance policy or annuity contract shall be filed unless accompanied by a payment into court of all premiums paid on the policy or contract.