I concur specially in order to explore more fully the majority's holding that if Federated prevails in its declaratory judgment action on the basis of Bragg's alleged misrepresentation, then the issues presented by way of Bragg's fraud counterclaim will not be reached. I would go further and hold that Federated was entitled to a directed verdict on Bragg's counterclaim.
Federated's declaratory judgment action is brought in orderto have its duty under the insurance contracts judiciallydetermined. Federated alleges that Bragg materially misrepresented his health in the insurance applications. For this reason, Federated believes it is entitled to rescind the policy. See Code 1975, § 27-14-7.
In order for Federated to prevail in the declaratory judgment action, it must prove more than Bragg's misrepresentation of his health. Federated must show that "the insured had notice that he suffered from the disease, constructive notice being insufficient, and that such denial of the existence of the condition was made with knowledge that the denial was false or that the facts concealed were material to the risk." OldSouthern Life Ins. Co. v. Woodall, 295 Ala. 235, 242,326 So.2d 726, 731 (1976). The insurance policy is not avoided if the insurer knows or has reasonable notice that the statements in the insured's application are false. Bankers Life and CasualtyCo. v. Long, 345 So.2d 1321 (Ala. 1977). The insurer's burden, then, is to show that the insured intentionally and fraudulently misrepresented his health.
Bragg's counterclaim, distilled, alleges that on November 8, 1976, Federated entered into an insurance contract with him promising life insurance and, in the event of his disability, waiver of premium payments, all in exchange for his promise of regular premium payments. Bragg claims that Federated never intended to perform its obligations under the contract, but instead that at some later time Federated intended to disavow the agreement. More specifically, Bragg contends that, at the time the insurance contract was entered into, Federated misrepresented an existing material fact, i.e., its intent to perform, and that he relied on, and was damaged by, Federated's misrepresentation that it would honor the policy.
The relative positions of the parties thus stated, it becomes apparent that Bragg proved no set of facts entitling him to relief on his fraud claim. Federated, before Bragg made claim on the policy and after learning of alleged misstatements in the policy application which might entitle it to avoid the policy, attempted to return previously paid premiums, refused to accept further payment, and instituted this declaratory action to have its contractual obligations adjudicated. Certainly the filing of this action for declaratory relief, even before a claim was made on the policy, cannot be regarded as a breach of the insurance contract. The policy thus being in full force and effect, no alleged fraudulent scheme by Federated has been consummated. Bragg adduced no evidence that Federated refused to waive premium payments. Thus, Bragg showed no damage to support his claim of fraud. Damage is an essential element in an action for fraud, Old Southern Life Insurance Co.v. Woodall, 348 So.2d 1337 (Ala. 1977), and until Bragg is damaged, his cause of action does not accrue.
The case of Old Southern Life Ins. Co. v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976), is instructive here. In Woodall, the insured's husband brought suit against the insurer in fraud. The insured's husband, who paid the policy premiums, claimed the insurance company fraudulently induced him to continue premium payments, even though the insurance company had *Page 1391 
information which would allow it to seek rescission of the contract. At the time of the insured's first claim under the policy, the insurer became aware that the insured had been hospitalized a number of times for a heart problem which she had failed to disclose on her application. The insurance company did not seek cancellation of the policy, but instead, with information of the insured's heart condition in hand, denied the claim on the ground of some collateral policy exclusion, and continued to accept the premium payments tendered by plaintiff. We held that these facts presented a scintilla of evidence that the insurance company continued to accept premium payments while never intending to fulfill its obligations under the policy. We stated:
 If, in fact, Mrs. Woodall had suffered from heart disease, and that fact was known to her, and she falsely stated in the application that she had not suffered from that malady, the company may have been entitled to terminate the policy in its entirety. However, the failure of the company to base its denial on this ground, and rather its basing the denial on the ground that the condition for which she was hospitalized was one which had occurred less than six months after the policy was issued, and was therefore excluded, is evidence from which the jury could have found that the company fraudulently and with intent to deceive Mr. Woodall continued to accept premiums on the policy, having in its possession from the time the first claim was submitted information which would permit it, on proper proof, to completely terminate all coverage under that policy.
Old Southern Life Ins. Co. v. Woodall, 295 Ala. 235, 242,326 So.2d 726, 731 (1976).
Unlike the Woodall case, in the instant case Bragg made no claim under the policy. Federated has never refused to honor its lawful contractual obligations under the insurance policy, but instead it seeks by way of this declaratory action to determine whether any obligation is owed. In so doing, Federated is simply following the procedure dictated byWoodall.
I would additionally hold that the trial court erred when it failed to grant a directed verdict in favor of Federated on Bragg's fraud counterclaim.
FAULKNER, J., concurs.
 *Page 217