In 1975, Classie Kimbrough gave Millard and Maxine Bradford a deed to ten acres of land in Monroe County. In 1978, she gave them a deed to another ten acres of land, also in Monroe County. According to Kimbrough, she borrowed money from the Bradfords and gave the deeds as collateral. The Bradfords contend that they purchased the property outright from her and planned to continue planting pine trees, as they had done previously when they rented the property. The Bradfords further state that Kimbrough asked them not to record the deeds because "she said it would knock some of her benefits out." The Bradfords did not record either deed until 2:11 p.m. on February 22, 1984.
Kimbrough later sold the same twenty acres of land to Sherlean and Kossuth Bumpers, Kimbrough's niece and the niece's husband. On the advice of their attorney, the Bumperses had a title search done on the property before closing the transaction. The attorney reviewed the results of the search and concluded that no significant liens on or claims to the land existed. The execution and delivery of the deed occurred at 9:15 a.m. on February 22, 1984. After the Bumperses recorded their deed on February 24, they discovered that the Bradfords were claiming the same land.
Kimbrough and the Bumperses filed this action against the Bradfords to quiet title to the land. Code 1975, § 35-4-90, states:
 "(a) All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or judgment creditors."
Code 1975, § 35-4-90. The parties agreed that the issue at trial was whether the Bumperses had actual or constructive notice of the Bradfords' possession of the property. The Bumperses sought to prove that they were bona fide purchasers for value without notice. The Bradfords argued that their farming and bulldozing operations on the land were sufficient to put a reasonable person on notice that they claimed the property.
The trial court found that the evidence was in "sharp, sharp dispute," and, consequently, arranged a viewing of the property by the jury, the parties and the court. After the closing arguments, by agreement of both sides the court submitted this special interrogatory to the jury:
 "At the time Classie Kimbrough delivered her deed to Kossuth and Shirlean [sic] Bumpers to the lands in question on February 22, 1984, and immediately prior thereto, were the Bradfords in open, visible, exclusive, unambiguous and notorious possession of said lands to the degree that a reasonably prudent person contemplating their purchase would have been put on notice, actual or constructive, that the Bradfords were claiming said lands as their own?
 "(If your answer is `yes,' you will have found for the Bradfords; if your answer is `no,' you will have found for the Bumperses.)"
The jury unanimously answered in the negative. The Bradfords filed a motion for a new trial on the grounds that the verdict *Page 1116 
was contrary to the law and to the great weight of the evidence. The court denied the motion, and this appeal followed.
A post-judgment motion for a new trial, grounded on a claim that the verdict is against the great weight and preponderance of the evidence, should be granted only in extreme cases when to let the verdict stand, though supported by some evidence, would be palpably wrong and manifestly unjust. Casey v. Jones,410 So.2d 5 (Ala. 1981). The refusal to grant a motion for a new trial strengthens the presumption of correctness of the jury verdict. Long v. Bankers Life Casualty Co., 294 Ala. 67,311 So.2d 328 (1975).
A careful review of the record and exhibits establishes that the jury verdict is amply supported by the weight and preponderance of the evidence. The jury and the court viewed the property almost a year after the Bumperses allegedly had notice of the Bradfords' possession, during which time the agricultural character of the land naturally changed to favor the Bradfords. Furthermore, the trial judge's viewing of the property lends added support to his refusal to disturb the jury verdict. We also will not disturb the verdict.
Finally, the Bradfords argue that the trial court imposed too great a burden on them to show actual or constructive notice. They contend that the standard given in the interrogatory to the jury was not appropriate under Code 1975, § 35-4-90. However, the Bradfords raise this issue for the first time on appeal. In fact, when the interrogatory was given, the Bradfords' counsel stated that he was satisfied with the interrogatory. Therefore, the issue is not properly before us.
The trial court's refusal to grant the motion for a new trial is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.