BRADLEY, Presiding Judge.
This is a fraud case.
Defendant, Empiregas, appeals from the trial court’s denial of Empiregas’s motions for directed verdict and for judgment notwithstanding the verdict, or in the alternative, for new trial.
Plaintiff, R.J. Wooten, owns an automobile repair shop in Ardmore, Alabama. As part of his repair business, Mr. Wooten performed some repair work on a truck owned by Empiregas. On November 7, 1984 Mr. Wooten filed a complaint against Empiregas alleging, among other things, that Empiregas owed Mr. Wooten $973.50 for repair work done, that Empiregas had made either knowingly false or recklessly false representations that the bill for $973.50 was approved and would be paid and, finally, that Empiregas had fraudulently promised to pay the bill for $973.50.
Empiregas admitted that it owed Mr. Wooten the $973.50, but asserted that the money had been tendered into court. Em-piregas denied it was guilty of any fraudulent conduct concerning payment of the bill.
The case was subsequently tried before a jury, with the jury returning a $3,000 verdict in favor of Mr. Wooten.
At the close of Mr. Wooten’s case and again after the presentation of all the evidence, Empiregas made a motion for directed verdict asserting a failure to establish *1300 the requisite elements of fraud. Both motions were denied. Following the jury’s verdict, Empiregas moved for judgment notwithstanding the verdict, or in the alternative, for new trial. These two motions were likewise denied.
A motion for directed verdict is properly denied, and the case is submitted to the jury, if any evidence supports the nonmovant’s claim. Casey v. Jones, 410 So.2d 5 (Ala.1982). Further, when the evidence warrants a jury’s consideration, then that evidence is likewise sufficient to stand against the motion for judgment notwithstanding the verdict. Casey, supra.
We now turn to an examination of whether the record evidence supported the trial court’s denial of both of Empiregas’s motions for directed verdict, as well as the motion for judgment notwithstanding the verdict. For a plaintiff to establish fraud, the evidence must show that: (1) a false representation was made, (2) concerning a material existing fact, (3) with the plaintiff relying on the false representation, (4) to the plaintiff’s detriment. Sessions Co. v. Turner, 493 So.2d 1387 (Ala.1986).
We have examined the record and find the evidence sufficient to support the trial court’s denial of the directed verdict motions and the motion for judgment notwithstanding the verdict. Mr. Currin, an Empiregas employee, obtained from Mr. Wooten a cost estimate of $800.00 for truck repair work. Mr. Currin later returned to Mr. Wooten and said the work was approved. While repairs to the truck based on the estimate were being made, Mr. Cur-rin returned to the repair shop and authorized extra work. When Mr. Currin picked up the truck, he told Mr. Wooten that the work had company approval and that a check to cover the $973.50 bill would arrive in approximately four weeks. Consequently, Mr. Wooten released the truck.
However, the record reflects that the extra work had not received approval and, as a result, neither had its payment. In short, an Empiregas employee represented to Mr. Wooten that the repair work was approved by the company and, as it was already approved, payment would be forthcoming.
Such a representation is material m that Mr. Wooten released the truck in reliance on these statements. Finally, the reliance proved to be detrimental because the work had not yet been approved, Mr. Wooten was not paid as promised, and he turned over the truck based on his belief that the representations were true. We find that this evidence was sufficient to support not only a denial of the directed verdict motions and the motion for judgment notwithstanding the verdict, but also Empiregas’s motion for new trial.
A presumption of correctness attaches to a jury verdict, and when a trial court denies a new trial motion that presumption intensifies. Independent Life & Accident Insurance Co. v. Parker, 449 So.2d 233 (Ala.1984). Thus, in reviewing a trial court’s denial of a motion for new trial, we must determine if the jury verdict is so contrary to the great weight of the evidence that the verdict is plainly and palpably wrong. Bradford v. Kimbrough, 485 So.2d 1114 (Ala.1986).
In view of the previously recited evidence, we cannot find that the verdict was so contrary to the weight of the evidence that it was unjust and required a new trial.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.