BRADLEY, Presiding Judge.
This is a fraud case.
Plaintiffs, Thomas and Peggy Collins, filed a complaint against the defendants, John H. Street Development Company, Inc., and John H. Street & Sons Realty Corporation (hereinafter collectively referred to as Street) on November 12, 1986 alleging willful misrepresentation.
Specifically, the Collinses averred that in 1979 they contracted to buy a lot from Street in Crescent Heights subdivision, that they paid $500 and executed a purchase money mortgage for $3,000 for the lot, and that Street represented to the Collinses that a dwelling could be erected on the lot.
The Collinses maintained that the representation as to the lot’s usability for a dwelling was made with the knowledge that the representation was false, or, in the alternative, that it was recklessly made without such knowledge. In other words the lot was unusable for a dwelling because it did not meet health department requirements for on-site sewage disposal. Further, the Collinses alleged that the representation caused them to be damaged.
The facts which led to the Collinses’ discovery of the alleged misrepresentation are as follows. In 1985 the Collinses attempted to sell the lot and were requested by the prospective purchasers to obtain a survey and percolation test. Upon their attempting to obtain perk approval, the Collinses encountered a relatively new set of regulations which prohibited approval of a lot for on-site sewage disposal where the lot’s slope was greater than twenty-five percent.
In response to Street’s request for admission, the Collinses admitted that no application to construct a dwelling was made by them prior to 1985. In March 1987 Street moved for summary judgment, alleging that application for approval of a dwelling was not made until 1985, that refusal of the application was based on regulations which became effective in 1982, and that at the time the lot was sold and any representations were made concerning it the lot did qualify for construction.
Submitted in support of Street’s motion for summary judgment were the affidavits of Craig Hansen, Calhoun County Health Department, and John H. Street. The Col- *182 linses responded with the counteraffidavit of Mr. Collins. Based on these affidavits, the judge denied the summary judgment motion.
Street made a second summary judgment motion based on the original affidavits and the deposition of Mr. Collins. The Collins-es then responded with an additional coun-teraffidavit of Mr. Collins. The judge likewise denied Street’s second summary judgment motion. The case proceeded to trial, and a jury verdict was returned against Street.
As one of Street’s issues on appeal, they assert that the second summary judgment motion was improperly denied. The Col-linses have failed to file a brief. We agree with Street and find the summary judgment issue dispositive on appeal.
Summary judgment should be granted by the trial court when the pleadings and affidavits offered by the movant establish that there is no genuine issue of material fact and establish the movant’s right to judgment as a matter of law. Gurley v. American Honda Motor Co., 505 So.2d 358 (Ala.1987). On appeal, we review the trial court's decision on a summary judgment motion according to the same standard applied by the trial court in reaching its initial decision. Long v. Banker’s Life & Casualty Co., 294 Ala. 67, 311 So.2d 328 (1975).
If on review we determine that Street’s summary judgment motion was improperly denied because it was supported by affidavits establishing no genuine issue of material fact, we may remand for entry of a summary judgment in their favor. Miles v. Bank of Heflin, 295 Ala. 286, 328 So.2d 281 (1975).
As Street made the motion for summary judgment, they had the burden of establishing that there was no genuine issue of material fact and their right to summary judgment as a matter of law. Denniston & Co. v. Jackson, 468 So.2d 170 (Ala.Civ.App.1985). Correspondingly, once Street established no genuine issue of material fact, the Collinses were required to establish facts sufficient to show a genuine issue for trial. Eason v. Middleton, 398 So.2d 245 (Ala.1981).
Street’s evidence presented by way of affidavits and attached exhibits, as well as the deposition of Mr. Collins, established the following: The subdivision — of which the Collinses’ lot was a part — was approved in 1977 for construction. However, in 1978 a set of subdivision regulations was adopted which would have made the .lot ineligible for construction had it not already been approved, i.e. the 1978 regulations contained a grandfather clause. Thus, the 1978 subdivision regulations were inapplicable to the Collinses’ lot.
In 1982 a set of sewage disposal regulations was implemented which made lot slope a factor in obtaining approval for on-site sewage disposal. These regulations did not contain a grandfather clause. According to Hansen, these 1982 regulations applied to the Collinses’ lot and were the basis of the denied application.
Based on these affidavits, Street established that there was no genuine issue of material fact. At the time Street sold the lot to the Collinses, the lot met the on-site sewage disposal criteria then in effect, and a dwelling could have been placed on it. Consequently, there were no willful or reckless misrepresentations made at the time of the sale. Thus, the burden shifted to the Collinses to present evidence establishing a genuine issue of material fact. Eason, supra.
We find they failed to meet this burden.
When the party opposing the summary judgment motion offers his responding evidence, that evidence must be more than just a verification of the allegations in the pleadings and must contain facts admissible in evidence. Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala.1980). In this case, Mr. Collins presented his counteraffi-davit.
Thus, the facts set forth in the affidavit must be admissible in evidence. Hunter v. Austin Co. 336 So.2d 203 (Ala.Civ.App.), cert. denied, 336 So.2d 208 (Ala.1976). If the evidence presented by way of affidavit constitutes hearsay, then it falls *183 short of this admissibility requirement. Whatley.
We have examined Mr. Collins’s affidavit and find that the only evidence in it which tended to establish a genuine issue of fact constituted hearsay. Consequently, it could not be considered. Whatley. Absent this evidence, the Collinses failed to meet their burden. Eason, supra.
Street’s summary judgment motion being properly made and supported, we reverse the trial court’s denial of the motion and remand with directions to enter a summary judgment in Street’s favor. Miles, supra.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.