INGRAM, Presiding Judge.
Beverly Lynn Smith filed a complaint for paternity and child support against Arthur Ray Roberson in the Juvenile Court of St. Clair County. Subsequent to the parties’ entering into a settlement agreement, the juvenile court entered an order which established Roberson to be the father of the *1326 child. Roberson appealed the juvenile court’s order to the Circuit Court of St. Clair County for a jury trial. The jury returned a verdict in favor of Roberson. Smith filed a post-judgment motion for judgment notwithstanding the verdict or, in the alternative, a motion for new trial. The motions were denied. Smith appeals.
Initially, Smith asserts that the trial court erred in denying her motion for judgment notwithstanding the verdict.
“It is a procedural absolute that a motion for JNOV, based on the ‘insufficiency of the evidence,’ is improper, if the party has not moved for a directed verdict on the same ground at the close of all the evidence.”
Barnes v. Dale, 530 So.2d 770, 776 (Ala.1988). Here, Smith never moved for a directed verdict ■ during the course of the trial. The trial court’s denial of the motion was proper.
Smith next contends that the trial court erred in failing to grant her motion for new trial. She asserts that the jury’s finding that Roberson was not the child’s father was against the great weight of the evidence.
“A post-judgment motion for a new trial, grounded on a claim that the verdict is against the great weight and preponderance of the evidence, should be granted only in extreme cases when to let the verdict stand, though supported by some evidence, would be palpably wrong and manifestly unjust.”
Bradford v. Kimbrough, 485 So.2d 1114, 1116 (Ala.1986). The trial court’s refusal to grant a motion for a new trial strengthens the presumption of correctness which attaches to the jury verdict. Bradford, supra.
The evidence shows that Smith met Roberson in October 1982. She started having sexual intercourse with him on a regular basis in November 1982. The sexual encounters continued through April 1983. She stated that she had sexual relations with no one else during this period. The baby was born on November 21, 1983. A blood test was performed that revealed that there was a 99.29 percent probability that Roberson was the biological father.
There was testimony presented that the blood test was not totally conclusive. There was testimony that in early 1983 automobiles belonging to two other men were seen parked outside Smith’s apartment overnight. In fact, Smith testified that in early 1983 Robert Swan spent many nights in her apartment. She, however, denied having had sexual intercourse with him. Roberson denied being the child’s father. On the day of trial, Smith expressed a desire not to prosecute the case.
The credibility of the witnesses, the weight of the evidence, and the inferences to be drawn from the evidence are for the jury to determine. Mitchell v. State, 450 So.2d 140 (Ala.Civ.App.1984).
A careful review of the record establishes that the jury verdict was amply supported by the weight and preponderance of the evidence. The trial court did not err in denying the motion for new trial.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.